**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4537

DEWITT HARVEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-96-973)

Submitted: May 11, 1999

Decided: May 28, 1999

Before ERVIN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herman Laurence Moore, Summerville, South Carolina, for Appel-
lant. J. Rene Josey, United States Attorney, Sean Kittrell, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dewitt Harvey appeals his conviction for being a convicted felon in possession of a firearm in violation of 18 U.S.C.§ 922(g) (1994). We affirm.

Harvey's argument that his prosecution and conviction violated the Fifth Amendment Double Jeopardy Clause is without merit. The State of South Carolina dismissed the charges stemming from Harvey's conduct for which he was indicted and convicted in federal court. Therefore, Harvey fails to show that he was prosecuted or punished twice for the same offense. That Harvey's probation from an unrelated state conviction may have been revoked as a result of his arrest does not constitute multiple punishment for the same offense as contemplated by the Double Jeopardy Clause.

On a motion to suppress evidence this court reviews the factual findings underlying the legal conclusions subject to the clearly erroneous standard and reviews the legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). In this case, the sheriff's department received a call that someone was firing shots from a purple Buick. Officers subsequently found a brown Pontiac parked on the side of a rural road in an area not far from where the shots were allegedly fired. The officers had not seen any other cars in the area. Because the Pontiac looked similar to the Buick described in the police dispatch and was parked in the general vicinity of where the shots were allegedly fired, the officers approached the car. In plain view the officers observed a gun on the front car seat in violation of South Carolina law. Hence, the officers were entitled to seize the gun and cartridges found in and around Harvey's car and the district court correctly denied his motion to suppress this evidence.

The evidence adduced at trial was that the officers read Harvey his Miranda rights at the time of his arrest and that the statements he alleges should have been suppressed were not made in response to police questioning. Therefore, Harvey fails to show that these statements were obtained in violation of his Fifth Amendment rights.

2

Whether to allow the jury to view evidence outside the courtroom is a matter for the discretion of the trial court. See United States v. Gallagher, 620 F.2d 797, 801 (10th Cir. 1980). Here, the government presented photographs and diagrams depicting the site where the police encountered Harvey, and the location of his arrest was not relevant to the charged offense. Therefore, the district court's decision not to permit the jury to view the arrest site did not constitute an abuse of discretion.

We reject Harvey's claim that the government violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady, a defendant's constitutional right to due process is violated when the prosecutor withholds material, exculpatory evidence from the defense. Harvey fails to allege how the government's failure to affirmatively disclose in advance of trial that there were no fingerprints on the gun prejudiced him. Moreover, he fails to show that the identity of the citizen who called the police was material to his defense. Therefore, Harvey fails to show a Brady violation.

A district court's evidentiary rulings are reviewed for a clear abuse of discretion. See United States v. Hassan El , 5 F.3d 726, 731 (4th Cir. 1993). In light of the evidence adduced at trial showing that the gun was in plain view on the car seat at the time the officers approached Harvey, whether Harvey owned the car or knew the gun was in the car earlier in the day was not relevant to the issue of whether he knowingly possessed the gun in violation of § 922(g). Similarly, testimony that Harvey's probationary status was affected by his arrest had no relevance at trial.

Harvey's claim of prosecutorial misconduct provides no basis for relief. Defense counsel invited the prosecutor's comment when he argued to the jury that Harvey's crime was a victimless crime. Moreover, even if the prosecutor's statements were improper, they did not undermine the fairness of the trial and lead to a fundamental miscarriage of justice. See United States v. Francisco , 35 F.3d 116, 120 (4th Cir. 1994).

We reject Harvey's contention that because he and the government stipulated at trial that he had committed one prior felony offense, the district court was foreclosed from finding that he had more than one

3

prior felony conviction for sentencing purposes. The parties stipulated that Harvey had a prior felony conviction to eliminate the need for the government to present prejudicial evidence of Harvey's past criminal acts. The stipulation had no bearing on Harvey's sentencing and did not preclude the district court from considering Harvey's prior felony convictions for sentencing purposes.

Harvey's contention that the district court erred in sentencing him as an armed career offender because the offense of conviction was not a "crime of violence" as defined by the sentencing guidelines is also without merit. "[T]he armed career criminal provision does not require that the instant offense be a `crime of violence.'" United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). The provision applies so long as the defendant possesses a firearm in violation of 18 U.S.C. § 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both." Id. (citing § 924(e)(1)). Because Harvey's possession of a firearm violated § 922(g) and he had three prior violent felony convictions, the district court correctly sentenced him as an armed career criminal.

The record reveals that the district court recognized its authority to depart but found Harvey ineligible for the requested departures. Therefore, this court lacks jurisdiction to review the district court's decision not to depart. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995).

Finally, we reject Harvey's claim that the government obtained his conviction in violation of 18 U.S.C. § 201(c)(2) (1994). See United States v. Lowery, 166 F.3d 1119, 1122-23 (11th Cir. 1999).

We therefore affirm Harvey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4